**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARY ANN HOOD,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-cv-0028-MJR** |
| | ) | |
| **AMERICAN EXPRESS CENTURION** | ) | |
| **BANK,** | ) | |
| | ) | |
| **Appellee.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    **A.**     **Procedural Overview**

        Now before the undersigned District Judge is Mary Ann Hood's appeal from a ruling the United States Bankruptcy Court for the Southern District of Illinois. The procedural chronology culminating in this appeal is somewhat tortuous but can be summarized as follows.

        Hood, who had filed a voluntary petition for Chapter 7 bankruptcy protection, objected to a claim against her bankruptcy estate made by American Express Centurion Bank (AECB). On October 25, 2010, United States Bankruptcy Judge William Altenberger held a hearing, at the conclusion of which he overruled Hood's objection to AECB's claim. Hood challenged the October 25th ruling via a series of motions, all of which sought the same relief (reconsideration and a different ruling on her objection to the claim).

Ultimately, Judge Altenberger *sua sponte* construed one of Hood's challenges – an amended motion to vacate (Doc. 147 in the Bankruptcy Record, "B.R.") – as a notice of appeal to this District Court.

Hood asks this Court to reverse the Bankruptcy Court's determination that AECB's claim was valid. The issues are completely briefed. Hood filed an Appellant's Brief with supporting materials February 7, 2011; AECB filed an Appellee's Brief with appendix on March 4, 2011; and Hood filed a Reply Brief on March 25, 2011.[1] For the reasons described below, the Court rejects Hood's appeal and affirms the Bankruptcy Court ruling.

### B.    Summary of Key Facts

On June 30, 2009, Mary Ann Hood filed a voluntary petition for bankruptcy under Chapter 7, Title 11 of the United States Code. The petition proceeded through the Bankruptcy Court as *In Re Mary Ann Hood*, Case No. BK 09-31704. AECB timely filed a general unsecured proof of claim in the amount of $5,021.99 for the unpaid, pre-petition balance due on Hood's credit card account. In fact, Hood had listed a debt owed to "American Express" for the same amount on her sworn Schedule F of unsecured nonpriority claims, as well as on the amendment thereto.

On June 25, 2010, Hood filed an objection to AECB's claim, asserting that AECB had failed to attach any supporting documentation to the claim, that the claim

---

[1]    Hood's failure to comply with this Court's Local Rule 7.1(d) as to the page limits and font size for briefs readily evokes the axiom: "Sometimes more is not better." **Thompson v. Illinois Dept. of Prof. Regulation, 300 F.3d 750, 759 (7th Cir. 2002).** But in light of Hood's pro se status and in the interest of judicial expedience, the Court has considered Hood's briefs in their entirety, as submitted.

was comprised of unsubstantiated interest and penalty charges, that the claim lacked an account assignment, and that the claim was barred by the statute of limitations.

AECB amended its claim, supplying the account agreement, account statements from 2004, and payment checks. Hood continued to maintain that AECB failed to provide sufficient supporting documentation to show that the debt was valid or to confirm the balance she allegedly owed.

The disputed claim stemmed from a credit card account that Hood held with American Express from 1985 until roughly June of 2004.[2] Hood closed her account with AECB in June 2004 over fluctuating and excessive interest rates. She maintains that her balance at that time was only $1,271.00.[3] AECB has provided duplicate credit card statements for the relevant period (prior to June 2004) indicating that Hood owed over $5,000. But Hood says she reached an oral agreement with the manager of American Express's accounting department whereby she would pay only $100.00 per month towards her principal until her account was paid in full, and she would be spared further interest and late charges. She claims that she submitted three $100.00 payments but stopped making payments after she again was charged interest and late charges. Hood further claims that charges made *prior* to closing the account which were presented for payment *after* the account was closed were accepted by AECB.

---

[2] Hood also contests the fact that she ever had an account with AECB, since AECB was not incorporated until 2 years after she began using an American Express credit card. This is a non-issue. Hood was well aware that she had an account with American Express Company, and it is clear that AECB is a subsidiary of American Express Company.

[3] Hood fails to substantiate the assertion that her balance was only $1,271.00 with any documentation other than a credit bureau report.

Hood was a Missouri resident during the entire span that her account was open. AECB is a Utah state-chartered bank. The account agreement submitted into the record by AECB provides an applicable law clause (Appellee AECB's Appendix, p. 65).

> **Applicable Law:** This Agreement and your Account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah (without regard to internal principles of conflicts of law), and by applicable federal law. We are located in Utah, hold your Account in Utah, and entered into this Agreement with you in Utah.

The Bankruptcy Court heard the matter on October 25, 2010. Judge Altenberger found and orally announced that under any possibly applicable statute of limitations, AECB's claim was *not* barred. On that basis, he overruled Hood's objection to AECB's claim.

Largely unrelated to this central issue (whether AECB's claim was barred by a statute of limitations), Hood's briefs are peppered with complaints regarding the assistance lent her by attorney Stephen R. Clark (her counsel for part of the bankruptcy proceedings) and the conduct of Judge Altenberger. These complaints do not detain this Court long.

Hood's dissatisfaction with her lawyer do not furnish a basis to overrule (are not properly presented via this appeal from) Judge Altenberger's ruling. Indeed, Mr. Clark requested to withdraw from representing Hood, and the Bankruptcy Court granted that request on October 25, 2010. Hood also complains that "Judge Altenberger… refused to disqualify himself in spite of his intense dislike and bias towards" her, and "[h]is responses to the Appellant's motions appear to be acts of

malice and vengeance with a dedicated determination NOT to provide a fair and impartial hearing or decision in the Appellant's favor in spite of compelling evidence that disputes his ruling as proper" (Appellant's Brief, p. 12). Hood contends that after allowing her counsel to withdraw, Judge Altenberger unfairly denied every motion she filed. The record is wholly devoid of any support for this attack, and as further described below, these arguments are meritless.

### C. Subject Matter Jurisdiction and Standard of Review

This appeal is taken from a final order of the United States Bankruptcy Court for the Southern District of Illinois. The undersigned District Judge enjoys jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).

Federal Rule of Bankruptcy Procedure 8013 provides that, on appeal, the District Court "may affirm, modify, or reverse a bankruptcy judge's … order … or remand with instructions for further proceedings." Rule 8013 further provides:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Seventh Circuit caselaw similarly instructs this Court to "review the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error." *Arlington LF, LLC v. Arlington Hospitality, Inc.*, et al, -- F.3d --, 2011 WL 727981 at \*6 (7th Cir. March 3, 2011), *citing In re Resource Tech. Corp.*, 624 F.3d 376, 382 (7th Cir. 2010. *Accord Meyer v. Rigdon*, 36 F.3d 1375, 1378(7th Cir. 1994)(district court reviews bankruptcy judge's fact findings for clear error and legal conclusions de novo).

D.    **Analysis**

Hood randomly presents 20 "issues" within the Statement of Issues section of her Appellant Brief, followed by a rambling narrative that frequently wanders far afield of grounds this Court has the authority to entertain or redress.  While this Court "need not try to fish a gold coin from a bucket of mud," *see Garst v. Lockheed-Martin Corp.,* **328 F.3d 374, 378 (7th Cir. 2003)**, the undersigned Judge has carefully scrutinized the record and organized the raft of grievances into four issues:

1. Whether the Bankruptcy Judge erred by not recusing himself under 28 U.S.C. § 455,

2. Whether the Bankruptcy Judge erred in allowing Stephen J. Clark to withdraw as Appellant's counsel,

3. Whether the Bankruptcy Judge erred in finding AECB's claim was not barred by statute of limitations, and

4. Whether the Bankruptcy Judge erred in finding AECB claim was supported by sufficient evidence.

These are addressed in turn.

1.    **Judge Altenberger's Failure to Recuse Himself**

Hood alleges that Judge Altenberger "refused to disqualify himself in spite of his intense dislike and bias" (Appellant's Brief, Doc. 7, p. 10) and that he was required to recuse by 28 U.S.C. § 455 (*id.*, p. 12).  Section 455 provides that a judge shall recuse himself "[w]here he has a personal bias or prejudice concerning a party, or

personal knowledge of disputed evidentiary facts concerning the proceeding." **28 U.S.C. § 455(b)(1).**

Plainly, though, this appeal is not the proper method of challenging Judge Altenberger's decision on recusal. *See, e.g., Tezak v. United States*, **256 F.3d 702, 717 n. 16 (7th Cir. 2001)("Denial of a motion for recusal based on the appearance of impropriety can only be challenged with a writ of mandamus. A party cannot appeal a judge's failure to recuse under § 455(a) after the proceeding in question is completed.").**

Nor does the record contain any evidence of *actual* bias or prejudice mandating recusal under a second statute, 28 U.S.C. § 144. Section 144 provides for recusal when a party to a proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." If the affidavit is timely and sufficient, the judge is to proceed no further on the matter, which is to be assigned to a different judge.

Hood's assertions regarding Judge Altenberger's bias and prejudice do not rely on § 144. Nor did she comply with the requirements warranting recusal thereunder. *See, e.g., Hoffman v. Caterpillar, Inc.*, **368 F.3d 709, 717-18 (7th Cir. 2004).** Moreover, it is well established that under § 144, the "alleged bias and prejudice to be disqualifying must stem from an extrajudicial source...." *U.S. v. Grinnell Corp.*, **384 U.S. 563, 583 (1966),** *citing Berger v. United States*, **255 U.S. 22, 31 (1921).** As made clear by the United States Supreme Court, judicial rulings and opinions formed by the judge as a result of current or prior proceedings *cannot* constitute a basis for recusal "unless

they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S.*, **510 U.S. 540, 555 (1994).**

> In *Liteky*, the Supreme Court explained:
>
>> judicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Id.* **at 555-56 (emphasis in original).** In the case at bar, the record contains nothing remotely close to an extrajudicial source of bias obligating Judge Altenberger to recuse himself.

### 2. Judge Altenberger's Grant of Clark's Motion to Withdraw

Appellant next argues that the Bankruptcy Court erred in letting her attorney, Stephen J. Clark, withdraw from representing her without first allowing her to rebut his statements made in support of withdrawal. Again, assuming this issue is even appropriately raised via appeal of a ruling on AECB's bankruptcy claim, the Court finds Hood's argument meritless.

In this appeal, the undersigned Judge reviews the Bankruptcy Court's grant of Stephen J. Clark's motion to withdraw only for abuse of discretion. ***See Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982), *citing* Moore v. Sunbeam Corp., 459 F.2d 811, 829 (7th Cir. 1972).** An abuse of discretion occurs when no reasonable person could agree with the trial court's decision. ***United***

*States v. Harris,* **531 F.3d 507, 514 (7th Cir. 2008);** *United States v. Jefferson,* **252 F.3d 937, 940 (7th Cir. 2001);** *Roadway Exp., Inc. v. U.S. Dept. of Labor,* **495 F.3d 477, 484-85 (7th Cir. 2007).** The record before this Court precludes the undersigned Judge from finding that the Bankruptcy Court abused its discretion in permitting Clark to withdraw as counsel.

Clark's Motion to Withdraw included the following statements: "that a lack of communication has resulted in a breakdown to the extent that the undersigned can no longer effectively represent the respondent," "[t]hat on October 1, 2010, debtor filed a complaint alleging a breach of contract between debtor and Stephen R. Clark, creating a conflict," and "[t]hat debtor has consistently filed pleadings with this Court without the knowledge of her attorney, Stephen R. Clark" (B.R. Doc. 112). The mere fact that Appellant filed a complaint alleging a breach of contract by Clark constituted sufficient ground on which to grant Clark's motion. That complaint was in the record before the Bankruptcy Court. Therefore, it was not an abuse of discretion for the bankruptcy judge to allow Clark's withdrawal without further briefing and without hearing argument or testimony from Appellant Hood. As to Appellant's other arguments concerning Stephen Clark's representation, an appeal of the Bankruptcy Court's ruling on AECB's claim is the inappropriate avenue to raise these complaints.

### 3. Judge Altenberger's Ruling That AECB's Claim <u>Was Not Barred By Applicable Statutes of Limitation</u>

Turning to the meat of the appeal, the Court assesses Hood's argument that the bankruptcy court used the wrong state's law when finding AECB's claim not

barred by the statute of limitations. The determination of which state's law governs the disputed claim (and the applicable statute of limitations on the claim) are questions of law which this Court reviews de novo.

As long as the AECB Credit Card Agreement is binding and enforceable against the parties to this appeal, the agreement would be -- according to its plain terms -- governed by the laws of Utah. *See* Appellee's Appendix, p. 65 ("Applicable Law: This Agreement and your Account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah….").

It has yet to be settled whether federal choice-of-law rules or forum choice-of-law rules apply in bankruptcy cases. ***See In re Jafari*, 569 F.3d 644, 649 (7th Cir. 2009), *cert. denied sub nom. Jafari v. Wynn Las Vegas, LLC*, 130 S. Ct. 1077 (2010).** But if there is a valid choice of law provision in an agreement or contract, that provision typically governs. ***Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002)**.[4] As such, the law of Utah determines if the agreement is binding and, so long as it is, furnishes the applicable statute of limitations.

According to AECB, Hood's use of her credit card demonstrated her acceptance of the terms of the credit card agreement. Under **Utah Code Ann. § 25-5-4(2)(e):**

> A credit agreement is binding and enforceable without any signature by the party to be charged if:

---

[4]     Indeed, Hood does not dispute that Utah law governs the agreement (*see* Doc. 7, p. 8).

(i) the debtor is provided with a written copy of the terms of the agreement;

(ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and

(iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Additionally, AECB has provided numerous examples of persuasive case law from other districts and circuits finding that a cardholder's use of a credit card binds the cardholder to the terms and conditions of the cardmember agreement. *See, e.g., In re Garberg,* **2006 WL 1997415 at \*3 (Bankr. E.D. Pa. 2006).** Appellant has not provided any evidence – or even a discernable argument – that she was not provided a written copy of the terms of the agreement prior to using the credit card. The AECB cardmember agreement provides that use of the card constitutes acceptance of the terms. Appellant Hood used the credit card. Therefore, this Court finds that the AECB cardmember agreement is binding, including the choice of law provision (Utah).

Turning to Utah law, two potential statutes of limitation may apply. One section of the Utah Annotated Code provides a six-year statute of limitations upon "any contract, obligation, or liability founded upon an instrument in writing." **Utah Code Ann. § 78B-2-309(b).** Another provision delineates a four-year statute of limitations "after the last charge is made or the last payment is received" upon an "open store account for any goods, wares, or merchandise" or an "open account for work, labor or services rendered, or materials furnished." **Utah Code Ann. § 78B-2-307(1)(b, c).**

No Utah case law was supplied to the Court on this point. The Court finds the shorter period applicable, although (as explained below) the outcome is the same here whichever limitations period the undersigned applies.

A credit card is an open-ended account, and § 78B-2-307(1) enumerates various other types of open accounts. So this Court finds that credit card accounts fit best within the four-year statute of limitations provided by Utah Code Ann. § 78B-2-307(1). AECB's claim was brought within this limitations period.

The last payment made by Appellant on the AECB account was credited to her account on April 8, 2006. Thus, under the four-year statute of limitations, April 7, 2010 would be the latest date that AECB could have brought a claim. Hood petitioned for bankruptcy on June 30, 2009. AECB provided its proof of claim on September 18, 2009. As September 18, 2009 was well prior to April 2010, AECB's claim was filed before the statute of limitations elapsed. And if that is true for the four-year limitations period, it is certainly true for the six-year limitations period. AECB's claim is not barred by the applicable statute of limitations.

### 4. Judge Altenberger's Conclusion that AECB's Claim Was Valid

The allowance of a claim is governed by Bankruptcy Code § 502, which provides that filed claims are deemed allowed, unless a party in interest objects. **11 U.S.C. § 502(a)(2010).** Section 502(b) states that where an objection is made, the court is to allow the claim except as provided in six enumerated exceptions. **11 U.S.C. § 502(b).**

Appellant Hood does not identify any of the enumerated exceptions. Instead, she broadly attacks AECB's claim as lacking documentary and evidentiary

support required by Bankruptcy Rule 3001(c). This attack conceivably could be interpreted to fall under § 502(b)(1), which states that a claim should not be allowed to the extent that it is "unenforceable against the debtor . . . under any agreement or applicable law."

The legal standard for the acceptance of evidence is a question of law which this Court reviews de novo. However, the assessment and *weight* given to properly accepted evidence are elements of the Bankruptcy Court's factual findings, which this Court reviews for clear error. With that distinction in mind, the Court reviews Hood's 3001(c) argument.

Bankruptcy Rule 3001(c) provides that a when "a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim." Hood contends that under this Rule, AECB should be required to provide (at a minimum) every monthly account statement of hers from the nearly 20 years that she held a credit card with American Express.

The United States Bankruptcy Courts have rarely held a creditor to such exacting standards. ***See In re Thompson,* 260 B.R. 484, 485–87 (Bankr. W.D. Mo. 2001) (holding that a single credit card billing statement was enough to overcome an objection that the proof of claim did not contain sufficient documentation); *In re Sandifer,* 318 B.R. 609, 611 (Bankr. M.D. Fla.2004)(two to four months of credit card statements were adequate for the proof of claim). *See also Heath v. American Express Travel Related Services Co., Inc.,* 331 B.R. 424, 432 (9th Cir. B.A.P. 2005)(summary of likely voluminous records of credit card accounts complied with Rule 3001).**

AECB has provided numerous credit card statements from the 2004-2006 timeframe. This evidence satisfies Rule 3001's purpose of "providing sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor." *In re Hughes*, **313 B.R. 205, 212 (Bankr. E.D. Mich. 2004).** Accordingly, this Court finds that AECB's production of credit card statements from 2004 to 2006 satisfies the requirements of Bankruptcy Rule 3001(c).

Having found that AECB provided sufficient evidence to meet the requirements of Bankruptcy Rule 3001(c) as to its proof of claim, this Court is left to review the bankruptcy court's finding that the claim as supported by the evidence was valid. In doing so, the undersigned employs the clear error standard. This Court is unable to find that the bankruptcy court clearly erred in finding that AECB's claim valid.

A properly filed and executed proof of claim constitutes prima facie evidence of the validity and amount of the claim. **FED. R. BANKR. P. 3001(f).** To overcome such validity requires Appellant Hood to support her objection with substantial evidence to rebut the proof of claim. *See In re Fidelity Holding Co., Ltd.*, **837 F.2d 696, 698 (5th Cir. 1988)("Under Bankruptcy Rule 301(b), a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail.");** *In re Hollars*, **198 B.R. 270, 271 (Bankr. S.D. Ohio 1996)**

**("A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity.").**

Instead of tendering substantial evidence to rebut AECB's proof of claim, Hood attacks the *form* of AECB's proof of claim.  Hood offers no  legitimate argument that AECB does not have a claim.   Her only evidence as to the amount of the claim is one credit agency report, and there is no foundation as to the source or accuracy of that report.

Furthermore, Appellant acknowledged the claim from AECB via her listing the debt on her Schedule F of unsecured nonpriority claims.  Federal courts repeatedly have found that a debtor's listing of a creditor as an unsecured claimant constitutes an admission of the debt owed. *See, e.g., In re Gervich*, **570 F.2d 247, 253 (8th Cir. 1978)(finding that bankruptcy court properly took judicial notice of verified schedules as evidence of indebtedness);** *In re Standfield*, **152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) ("Verified schedules and statements filed by Debtors are not just pleadings, motions or exhibits, they contain evidentiary admissions.");** *In re Leonard*, **151 B.R. 639, 643 (Bankr. N.D. N.Y. 1992) (finding that debtor's schedule entry created an admission of debt).**

Having carefully reviewed the record before it, the undersigned Judge cannot conclude that the Bankruptcy Court clearly erred in finding that AECB's claim was valid in the full amount disclosed on Appellant's Schedule F and evidenced in AECB's proof of claim.

**E.**     **<u>Conclusion</u>**

For all of these reasons, the Court **AFFIRMS** the decision of the United States Bankruptcy Court for the Southern District of Illinois.  The Clerk of Court shall enter judgment in favor of Appellee AECB and against Appellant Hood.

DATED April 20, 2011.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge